Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DEBORAH RIVERA VELÁZQUEZ<br><br>Peticionaria<br><br><br>v.<br><br><br>SCI PUERTO RICO I Y OTROS<br><br>Recurrida | KLCE202301413 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente)<br><br>Caso Número: CA2021CV02252 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Juez Rivera Marchand

Domínguez Irizarry, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de enero de 2024.

La peticionaria, señora Deborah Rivera Velázquez, comparece ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Carolina, el 16 de octubre de 2023. Mediante la misma, el foro de origen declaró *No Ha Lugar* una solicitud de traslado de caso promovida por la peticionaria. Lo anterior, dentro de una acción civil sobre incumplimiento de contrato y daños incoada en contra de la parte aquí recurrida, SCI Puerto Rico I, y otros.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 28 de septiembre de 2021, la peticionaria presentó la demanda enmendada de epígrafe. Tras los trámites de rigor, y luego de trabada la controversia entre las partes, el 12 de octubre de 2023,

presentó una *Moción Urgente Solicitando Traslado para la Consideración de la Honorable Rosa del C. Benítez, Administradora de la Región Judicial de Carolina.* En el pliego, solicitó que, a tenor con las disposiciones de la Regla 16 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico del 30 de junio de 1999, según enmendadas, 4 LPRA Ap. II-B, R. 16, se proveyera para el traslado de la causa de epígrafe a otra región judicial. La peticionaria fundamentó su requerimiento en la alegada necesidad de "mantener la pulcritud de los procesos y garantizar una justicia sana y abierta a la fe en el Sistema".[1] Específicamente, destacó el hecho de que ejerce como perito ambiental y mediadora certificada en el tribunal recurrido en otro caso ante ese Foro.

El 13 de octubre de 2023, la parte recurrida presentó su escrito en oposición a la solicitud de traslado antes aludida. En esencia, expuso que fue la peticionaria quien radicó el pleito de autos en la Región Judicial de Carolina, por lo que resultaba contradictorio que adujera que su caso no podía tramitarse en la misma. Añadió, a su vez, que la petición en controversia se efectuó a poco más de dos años de radicado el pleito, por lo que, dada la etapa avanzada de los procedimientos y los múltiples trámites acontecidos, el traslado de la causa a una región judicial alterna no resultaba conveniente. De igual forma, la parte recurrida también expuso que el tribunal primario denegó una previa solicitud de inhibición judicial promovida por la peticionaria, por lo que sostuvo que esta estaba impedida de utilizar el mecanismo de traslado como un subterfugio para remover su caso del foro donde lo radicó. Así, solicitó que se denegara el traslado peticionado.

---

[1] Véase: Apéndice, Anejo 11: *Moción Urgente Solicitando Traslado para la Consideración de la Honorable Rosa del C. Benítez, Administradora de la Región Judicial de Carolina,* pág. 47.

El 16 de octubre de 2023, el Tribunal de Primera Instancia notificó la *Resolución* aquí recurrida. Mediante la misma, declaró *No Ha Lugar* la moción de traslado promovida por la peticionaria.

Inconforme, y tras denegarse una previa solicitud de reconsideración ente el foro primario, el 13 de diciembre de 2023, la peticionaria compareció ante nos mediante el presente recurso de *certiorari*. En esencia, alega que la referida determinación atenta contra el principio de proteger la imparcialidad del sistema judicial.

Procedemos a expresarnos de conformidad con la norma que dispone del trámite de la presente controversia.

**II**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 594 (2011). En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las

que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ____ (2023); *Mcneil Healthcare v. Mun. Las Piedras II,* 206 DPR 659 (2021); 800 *Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari*, se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* pág. 593; *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros". *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1987). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o

parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Al examinar el dictamen en controversia, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.* Tal cual esbozado, el alcance de nuestra autoridad en recursos como el de autos, está expresamente delimitado por el ordenamiento civil vigente. En el presente caso, la parte peticionaria no demostró que, de no actuar respecto a su solicitud en alzada, habría de producirse un fracaso a la justicia. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que, en su más sano quehacer, este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones